ROSSELOT v. GREENE AND LAWRENCE DRAINAGE DISTRICT.

Opinion delivered December 16, 1918.

1. JUDGMENT—BAR—ASSESSMENT FOR DRAIN.—Judgment that a drainage district organized under Sp. Acts 1911, p. 886, recover from owner assessments for contemplated improvements, rendered in suit to enjoin construction of drainage system, did not bar a proceeding under Section 20 of that Act to recover for cleaning out the drainage ditches.

2. DRAINS—ASSESSMENT—AUTHORITY TO MAKE.—Only authority of drainage district organized under Sp. Acts 1911, p. 886, to levy an assessment for local improvement is that expressly or by necessary implication conferred by the statute, and the board cannot levy an assessment for items not authorized by the statute.

Appeal from Lawrence Circuit Court, Western District; *D. H. Coleman,* Judge; affirmed.

*W. P. Smith,* for appellant.

Appellant's lands were relieved of further assessment by the chancery decree. The sum paid by him was in full of *all* assessments and the decree is a bar to all further assessments. Act 318 Acts 1911, § 20, p. 886.

*Huddleston, Fuhr & Futrell,* for appellee.

The decree does not support appellant's contention. The assessment was merely for the *construction* of the ditches, but the Act expressly provides for further assessments for cleaning out the ditches, etc. Act 318, Acts 1911, § 20, etc.

HART, J. This is an appeal from the judgment of the circuit court affirming the judgment of the county court extending an improvement tax against the property of appellant for cleaning out the ditches in the Greene and Lawrence Drainage District. The drainage district was organized under Special Act 318 of 1911. See the Special Acts of 1911, p. 886. The Act contains thirty-two sections and provides in detail for the construction of said drainage district in Greene and Lawrence Counties. Section 20 provides that the district shall not cease to exist for the purpose of preserving the same, or keeping the ditches clear from obstructions and further extending, widening or deepening the ditches from time to time as it may be found advantageous to the district. The section further provides that to this end the directors may from time to time apply to the county courts of Greene and Lawrence Counties for the levying of additional taxes. While the district was being constructed, appellant filed a complaint in the chancery court against the directors of the district in which he attacked its validity and sought to enjoin the directors from proceeding further, under the Act, with the construction of the drainage system. The record recites that both parties appeared in person and by their attorneys and the decree, then, contains the following:

"And this cause is submitted to the court upon the complaint and the answer and evidence taken in open court, all records in the Greene and Lawrence County Drainage District, proceedings in the county court in Greene and Lawrence Counties, Arkansas, and before the Board of Directors for the said drainage district and of the agreements of the parties had in open court; from

all of which the court doth find that the plaintiff, John A. Rosselot, owner of the following described lands in said drainage district, to-wit:

(Here follows description of lands.)

"And that said land will receive a total benefit of $1,248 and no more by reason of the main lateral and sub-lateral ditches; and that said sum shall be paid not by installments extended against the said property above described, but to be paid in cash and in lieu of said installments and all assessments heretofore made, or which may hereafter by made by said drainage district whether by the county court, the Acts of the Legislature, the Board of Directors or Board of Assessors appointed by such Board of Directors of said drainage district. It being the intention of the judgment and decree that the said sum of $1,248 will be and is accepted by the drainage district as full settlement of all claims of any kind or nature whatever against the said John A. Rosselot, as well as the lands above described to be and are hereby released from any further assessment on account of said drainage district at any time in the future. The same being a full adjustment of all matters now in litigation between said Board of Directors and said John A. Rosselot in the Lawrence County Court, in the Lawrence Circuit Court for the Western District or in any other court as well as before the Board of Directors of said drainage district.

"And the court further finds that there is no other or further benefit derived or to be derived to the said property above described by reason of the improvements as now or hereafter contemplated than the benefit compensated for, or by the said sum of $1,248 herein.

"It is therefore by the court considered, ordered, adjudged and decreed that the said Greene and Lawrence County Drainage District do have and recover of and from the said John A. Rosselot the said sum of $1,248, the same to be in full compensation for all benefits and assessments of every kind and character derived from said contemplated improvements, as hereinafter recited."

This decree was entered of record in the chancery court on the 3rd day of April, 1912. After the drainage system was completed, the Board of Directors, under section 20 of the Act above referred to applied to the county courts of Greene and Lawrence Counties to levy additional taxes for the purpose of cleaning out the drainage ditches. The appplication in regard to appellant's land was filed in Lawrence County where his land is situated. Appellant interposed as a defense to the application, the decree in the chancery proceeding above recited, claiming that this was a bar to the application of the Board of Directors to levy additional taxes on his land in the drainage district. The county court made the additional levy upon the petition of the Board of Directors. The case was appealed to the circuit court which affirmed the action of the county court in making the additional levy. Appellant then prosecuted an appeal to this court.

The only issue raised by the appeal is as to whether or not the decree in the chancery court is a bar to the present proceeding for additional levy upon appellant's land for the purpose of cleaning out the ditches in the drainage district. The language of the whole decree is relied upon in bar of the present proceeding but counsel for appellant rely especially upon that part of the decree which reads as follows:

"And the court further finds that there is no other or further benefit derived or to be derived to the said property above described by reason of the improvements as now or hereafter contemplated than the benefit compensated for, by the said sum of $1,248 herein."

We do not think counsel are correct in their contention. The most that could be said of the decree is that it released the land from payment of further taxes than those specified in the decree for the purpose of constructing the drainage system. Section 20 of the Act provides for the continuity of the district and that the directors may apply to the county courts of Greene and Lawrence Counties for the levying of additional taxes to clean out the drainage ditches. When the suit was

brought in the chancery court by appellant to enjoin the Board of Directors from proceeding further in the construction of the drainage system the question of levying additional taxes for the purpose of cleaning out the ditches was not an issue in the case, and the decree of the chancery court then could not release appellant upon a matter that was not within the issues raised by the pleadings. Only the taxes to be levied in the construction of the drainage system were involved in that suit and under the statute the additional taxes provided for in Section 20 could not by any means be included within the provisions of the decree, and an additional release given to appellant from the payment of these additional taxes, if in the future there should be necessity to levy them for the purpose of cleaning out the drainage ditches.

It is elementary that the only authority which the board had to levy an assessment for the local improvement is that expressly, or by necessary implication conferred by the statute, and the board cannot levy an assessment for items not authorized by the statute. The statute did not give the board the power to include the cost of maintenance and repair of the ditches in the drainage district in the assessments for the construction of the drainage district. The statute limited the first assessment to the cost of constructing the improvement and the expense of maintaining the improvement and cleaning out the ditches was not an item which could have been included in the original assessment.

It follows that the decree must be affirmed.